# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| HAROLD COMBS,<br>Plaintiff, | Case No. 1:12-cv-347 |
| vs | Barrett, J.<br>Litkovitz, M.J. |
| SIMON LEIS, et al.,<br>Defendants. | **ORDER AND REPORT<br>AND RECOMMENDATION** |

Plaintiff, an inmate currently incarcerated at Hamilton County Justice Center, brings this civil rights action against defendants Sheriff Simon Leis, Deputy Sheriff Oberlander, and Naphcare, a provider of healthcare services to inmates at the Hamilton County Justice Center. (Doc. 1). By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28

U.S.C. §§ 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin,* 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke,* 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)); *see also Hill,* 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

2

*Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Plaintiff's complaint alleges due process violations as a result of Hamilton County Justice Center (HCJC) policies and procedures. (Complaint, p. 5). Specifically, plaintiff claims that he did not receive a phone call until approximately ten days after being incarcerated. *Id.* In addition, plaintiff claims that upon arriving at HCJC, twenty dollars was taken from him in order to pay a $38.45 debt from prior indigent sales. He claims this was in error and that his account "was given $38.45 on 4/26/12." *Id.* According to plaintiff, defendant Simon Leis is responsible for the rules, policies and procedures at HCJC. *Id.*

Plaintiff also alleges that the procedure for cell assignments is unsafe. He claims that he was housed with two mentally-ill inmates, despite there being empty cells in the facility. *Id.* He questions "[w]ho was suppose[d] to take care of these inmates and why were they assigned to my cell? At my age, and my own medical condition, how did they expect me to be responsible for

3

taking care of these individuals? And who is keeping me safe and secure?" *Id.* at 20-21. Plaintiff indicates that he has requested the standards used for making cell assignments but has not received any response from the HCJC.

The complaint also includes allegations of inadequate medical care. Plaintiff claims he has not received a physical examination at the HCJC and was denied emergency medical treatment by defendant Oberlander. *Id.* at 5-B. Plaintiff indicates that on May 17, 2012, he stopped receiving medication and has since been denied medical care completely. *Id.* at 21. Finally, plaintiff claims that inmates are not provided with any resource outlining the required payments for medical services. *Id.* at 5-A.

The complaint also alleges that plaintiff has been retaliated against as a result of his filing grievances and "asking questions." *See id.* at 21. He claims that his cell assignment was changed multiple times within a couple days, requiring him to move back and forth between the upper and lower tiers despite his medical condition. *Id.* at 5-B – 5-C. Plaintiff alleges that the cell transfers, as well as his being housed with multiple mentally-ill inmates, were carried out in response to his filing grievances against Deputy Oberlander and inquiring about prison policies and rules. *Id.* at 5-D. Plaintiff indicates that the medical department ordered the move and that he was informed by a grievance supervisor that he writes too many grievances and the medical department thinks nothing is wrong with him. *Id.* at 5-C, 5-D. Finally, in response to his being denied medical care, plaintiff notes "I have no idea[] if this is to try and kill me, or just stop me from asking questions?" *Id.* at 21.

In the relief section of the complaint, plaintiff asks that "Sheriff Simon Leis change the

4

classification standards, so inmates are housed in units that provide a safe [e]nvironment with inmates with sim[i]lar crimes, age, medical and mental health conditions." He further seeks to have all rules, policies and procedures be available to inmates. Plaintiff requests that defendant Naphcare Medical Department's contract be terminated due to their failure to provide adequate medical services. *Id.* at 5. Plaintiff also seeks monetary relief from each defendant.

Liberally construed, the complaint states a claim for deliberate indifference to serious medical needs against defendants Naphcare and Oberlander. *See Estelle v. Gamble,* 429 U.S. 97, 106 (1976). Plaintiff claims that he is being denied all medical treatment and that defendant Oberlander denied him emergency medical treatment. At this juncture, the Court concludes that plaintiff's Eighth Amendment claim should be permitted to proceed against these defendants. *See* 28 U.S.C. § 1915(e)(2)(B). Liberally construed, the complaint also states a First Amendment retaliation claim against defendants Naphcare and Oberlander and this claim may also proceed.

Plaintiff's remaining claims must be dismissed for failure to state a claim upon which relief may be granted. First, plaintiff's claim that he was not permitted to make a phone call upon his arrest fails to state a due process violation. "The right to make a phone call immediately upon arrest is not a recognized property right, nor is it a traditional liberty interest recognized by federal law." *Harrill v. Blount County, Tenn.*, 55 F. 3d 1123, 1125 (6th Cir. 1995). Accordingly, plaintiff has failed to state a protected interest requiring due process protection and this claim should be dismissed.

To the extent plaintiff alleges he was deprived of his prison funds without due process of law, his allegations fail to state a due process claim against the defendants. As to his claim

regarding medical fees, a withdrawal of funds from an inmate's prison account to pay medical copayment fees does not violate an inmate's constitutional rights. An inmate is not "deprived of his property by virtue of deductions from his prison trust account for court costs and medical copayments." *Gallagher v. Lane*, No. 03-3363, 75 F. App'x 440, 441-442 (6th Cir. Sept. 16, 2003).

Moreover, even if plaintiff's allegations could constitute a due process claim for the unauthorized, intentional deprivation of his property, the complaint fails to state a claim for relief because plaintiff fails to allege that his state post-deprivation remedies are inadequate. In order to assert a due process claim, plaintiff must first plead, and ultimately prove, the inadequacy of state remedies for redressing the wrong. *See Vicory v. Walton*, 721 F.2d 1062, 1066 (6th Cir. 1983). *See also Hudson v. Palmer*, 468 U.S. 517 (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part on other grounds, Daniel v. Williams,* 474 U.S. 517 (1984). "If satisfactory state procedures are provided in a procedural due process case, then no constitutional deprivation has occurred despite the injury." *Jefferson v. Jefferson County Pub. Sch. Sys.,* 360 F.3d 583, 587-88 (6th Cir. 2004). Accordingly, in order to state a procedural due process claim under section 1983 "the plaintiff must attack the state's corrective procedure as well as the substantive wrong." *Meyers v. City of Cincinnati*, 934 F.2d 726, 731 (6th Cir. 1991) (quoting *Vicory*, 721 F.2d at 1066). A plaintiff "may not seek relief under Section 1983 without first pleading and proving the inadequacy of state or administrative processes and remedies to redress [his] due process violations." *Jefferson*, 360 F.3d at 588.

Plaintiff has not alleged any facts even remotely indicating that his remedies under Ohio law to redress the wrong of which he complains are inadequate. Plaintiff's complaint fails to

6

explain why a state tort remedy for conversion would not suffice to address his claim. *See Fox v. Van Oosterum,* 176 F.3d 342, 349 (6th Cir. 1999). Therefore, he fails to state a due process claim that is actionable in this § 1983 proceeding.

Plaintiff's claims regarding his cell assignment must also be dismissed. As to his claim that his cell assignment is unsafe, plaintiff fails to state an Eighth Amendment claim. To state an Eighth Amendment claim, plaintiff must allege facts showing that defendants' conduct amounted to "deliberate indifference" to a known risk of harm to plaintiff. *Farmer v. Brennan,* 511 U.S. 825, 828 (1994). Plaintiff offers only conclusory allegations that his cell assignment presented a safety concern and fails to allege any facts showing that defendants or any other staff member were aware that his cellmates posed a threat to plaintiff's safety, yet failed to take reasonable actions to prevent injury. In the absence of such allegations, the complaint fails to state a claim for relief under the Eighth Amendment.

Accordingly, in sum, plaintiff's due process claims and Eighth Amendment deliberate indifference to safety claims should be dismissed for failure to state a claim upon which relief may be granted. Having found that plaintiff has alleged sufficient facts to state First Amendment retaliation and deliberate indifference to serious medical needs claims against defendants Deputy Sheriff Oberlander and Naphcare, these claims are deserving of further development and may proceed.

**IT IS THEREFORE RECOMMENDED THAT:**

Plaintiff's due process and Eighth Amendment deliberate indifference to safety claims against all defendants be **DISMISSED** on the ground that they fail to state a claim upon which relief may be granted under 42 U.S.C. § 1983. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

**IT IS THEREFORE ORDERED THAT:**

1. The United States Marshal shall serve a copy of the Complaint, summons, the separate Order granting prisoner *in forma pauperis* status, and this Order and Report and Recommendation upon defendants Deputy Sheriff Oberlander and Naphcare, as directed by plaintiff. All costs of service shall be advanced by the United States.

2. Plaintiff shall serve upon defendants or, if appearance has been entered by counsel, upon defendants' attorney(s), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to defendants or their counsel. Any paper received by a district judge or magistrate judge which has not been filed with the clerk or which fails to include a certificate of service will be disregarded by the Court.

3. Plaintiff shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.

Date: 7/24/12

Karen L. Litkovitz
United States Magistrate Judge

8

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

HAROLD COMBS,
    Plaintiff,

vs

SIMON LEIS, et al.,
    Defendants.

Case No. 1:12-cv-347

Barrett, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).