UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Harold Combs,

    Plaintiff,                                            Case No. 1:12cv347

    v.                                                   Judge Michael R. Barrett

Simon Leis, *et al.*

    Defendants.

## OPINION & ORDER

This matter is before the Court upon the Magistrate Judge's Order and Report and Recommendation ("R&R"). (Doc. 7). Also pending before the Court are Defendant NaphCare Medical Department and Defendant Deputy Sheriff Oberlander's Motions to Dismiss (Docs. 17, 23); and Plaintiff Harold Combs' Motion for Default Judgment against Defendant NaphCare (Doc. 32) and Motion for Status Pending Motion for Default (Doc. 36).

### I.    FACTUAL BACKGROUND

Plaintiff Harold Combs is proceeding *pro se* in this matter. Combs is currently incarcerated at Hamilton County Justice Center ("HCJC"). Combs brings claims against against Defendants Sheriff Simon Leis, Deputy Sheriff Oberlander and NaphCare, which is the healthcare service provider for HCJC. (Doc. 6). Combs alleges due process violations, an unsafe cell assignment procedure, inadequate medical care, and retaliation. These claims are described more fully in the Magistrate Judge's R&R. (See Doc. 7, at 3-4). In the relief section of his complaint, Plaintiff asks that Defendant Leis change the prison classification standards and have all rules, policies and procedures

be available to inmates. Combs also requests that NaphCare's contract be terminated due to its failure to provide adequate medical services. Finally, Combs seeks monetary relief from each Defendant.

## II. PROCEDURAL BACKGROUND

On July 24, 2012, this Court granted Combs leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (Doc. 5). On July 25, 2012, pursuant to the Prison Litigation Reform Act of 1995, the Magistrate Judge reviewed Combs' Complaint *sua sponte* to determine whether his Complaint should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. The Magistrate Judge concluded that Combs' Eighth Amendment claim should be permitted to proceed against Oberlander and NaphCare. The Magistrate Judge explained that liberally construed, Combs' Complaint states a claim for deliberate indifference to serious medical needs. The Magistrate Judge also concluded that Combs' First Amendment retaliation claim should be permitted to proceed against Oberlander and NaphCare.

The Magistrate Judge recommended dismissing Combs' remaining claims for failure to state a claim upon which relief may be granted. The Magistrate Judge explained that the right to make a phone call upon arrest is not a recognized property right, and therefore Combs' Complaint did not state a due process violation. Next, the Magistrate Judge explained Combs did not state a due process claim based on the withdrawal of funds from his prison account to pay medical copayment fees because the withdrawal of such funds was not a deprivation of property, and furthermore, Combs did not allege that his post-deprivation remedies are inadequate. Finally, the Magistrate

2

Judge explained that Combs failed to state a claim under the Eighth Amendment based on his cell assignment because Combs did not allege that Defendants or any staff member were aware that his cellmates posed a threat to his safety, yet failed to take reasonable actions to prevent injury. Both Combs and NaphCare filed Objections to the R&R. (Docs. 11, 12, 16). Combs also filed a Notice to the Court, which supplements the allegations in his Complaint against Oberlander. (Doc. 20).

Oberlander and NaphCare subsequently filed separate Motions to Dismiss Combs' Complaint for failure to state a claim. (Docs. 17, 23). Plaintiff responded to Oberlander's Motion to Dismiss (Doc. 26), and Oberlander filed a Reply (Doc. 27). Plaintiff then filed a Supplemental Memorandum in Opposition to Oberlander's Motion. (Doc. 28). In addition, Combs has filed several Notices which respond generally to the R&R and Defendants' Motions. (Docs. 25, 29, 31).

In addition, in a Notice dated October 10, 2012, Combs explains that he never received a response from NaphCare regarding the R&R. (Doc. 29). NaphCare filed a response to this Notice, stating that it did file and serve copies of its Objections and Motion to Dismiss on Combs. (Doc. 30). Combs responded in a Notice dated November 1, 2012, acknowledging that he received NaphCare's Objections and Motion to Dismiss on that date. (Doc. 31).

In a Motion dated November 6, 2012, Combs moved for default judgment against NaphCare for failing to provide timely responses. (Doc. 32).[1] Combs also provided his new address, as he was no longer being housed at the HCJC. NaphCare filed a Response in Opposition to Plaintiff's Motion for Default Judgment (Doc. 34), and Combs

---

[1]This Motion also requests that the Court appoint counsel for Plaintiff. This part of the Motion will not be addressed in this Order.

filed a Reply (Doc. 35). Recently, Plaintiff filed a Motion regarding the status of his pending motion for default against Defendant NaphCare (Doc. 36).

### III. ANALYSIS

#### 1. Motion for Default Judgment

Federal Rule of Civil Procedure 55 governs the entry of default and default judgment. An entry of default is made by the clerk "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Based upon a review of the docket, NaphCare filed its Motion to Dismiss on August 24, 2012. Therefore, there is no basis for the entry of default or default judgment against NaphCare.

#### 2. Motion to Dismiss Standard

When reviewing a 12(b)(6) motion to dismiss for failure to state a claim, this Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (quoting *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)). "[T]o survive a motion to dismiss, a complaint must contain (1) 'enough facts to state a claim to relief that is plausible,' (2) more than 'a formulaic recitation of a cause of action's elements,' and (3) allegations that suggest a 'right to relief above a speculative level.'" *Tackett v. M&G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be construed liberally." *Garrett v. Belmont County Sheriff's Dept.*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).  Liberal construction may include additional allegations set forth in objections to a magistrate judge's R&R.  *Id.* (citing *Ratliff v. United States*, 999 F.2d 1023, 1026 (6th Cir. 1993)).

3. **Section 1983**

Section 1983 imposes civil liability on a person acting under color of state law who deprives another of the "rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983.  Therefore, a plaintiff must allege two elements to establish a *prima facie* case under section 1983: (1) that the action occurred "under color of law"; and (2) that the action was a deprivation of a constitutional right or a federal statutory right.  *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986).

4. **Eighth Amendment**

"Deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976).  An Eighth Amendment deliberate indifference claim has both a subjective and an objective component.  *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  To satisfy the objective component, a plaintiff must allege a "sufficiently serious" medical need.  *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).  A serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would

5

recognize the necessity for a doctor's attention. *Blackmore v. Kalamazoo County*, 390 F.3d 890, 897 (6th Cir. 2004). To satisfy the subjective component, a plaintiff must make a showing of "deliberate indifference" by demonstrating that the accused official "subjectively perceived a risk of harm and then disregarded it." *Comstock*, 273 F.3d at 703. Purpose or intent to inflict harm is not required, but the standard is not satisfied by a showing of negligence. *Estelle*, 429 U.S. at 105. Furthermore, a plaintiff "must allege that each named defendant was personally involved in the deprivation of his civil rights." *Rizzo v. Goode*, 423 U.S. 362, 371 (1976).

"Supervisory liability under § 1983 cannot attach where the allegation of liability is based upon a mere failure to act." *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir.1999) (citing *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989)). Instead, "the supervisors must have actively engaged in unconstitutional behavior." *Gregory v. City of Louisville*, 444 F.3d 725, 751 (6th Cir. 2006). Therefore, liability must be based on more than a "mere right to control employees." *Id*. Instead, the plaintiff must show that "the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it." *Taylor v. Michigan Dep't. of Corrs.*, 69 F.3d 76, 81 (6th Cir. 1995) (quoting *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). "At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Id*. (alteration omitted).

"A private entity which contracts with the state to perform a traditional state function such as providing medical services to prison inmates may be sued under § 1983 as one acting 'under color of state law.'" *Hicks v. Frey*, 992 F.2d 1450, 1458 (6th

Cir. 1993) (citing *West v. Atkins*, 487 U.S. 42, 54, (1988)). However, a private entity cannot be held vicariously liable for the actions of its agents. *Starcher v. Corr. Med. Sys., Inc.*, 7 F. App'x 459, 465 (6th Cir. 2001) (explaining that the holding of *Monell v. Department of Soc. Servs.*, 436 U.S. 658 (1978) has been extended cover to private corporations)).[2] Therefore, a plaintiff must (1) identify a policy or custom; (2) connect the policy or custom to the private entity; and (3) show that executing that policy amounted to deliberate indifference to the plaintiff's illness. *Jones v. Corr. Med. Services, Inc.*, 845 F. Supp. 2d 824, 835 (W.D. Mich. 2012) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)); *see also Johnson v. Karnes*, 398 F.3d 868, 877 (6th Cir. 2005) (explaining that a private entity is only liable for a policy or custom of *that* private entity, rather than a policy or custom of the municipality).

The Court will now apply the foregoing analysis to this case. Combs claims that "both knees are bad, my left foot needs surgery, left arm has nerve damages, and back in kidney area hurting." (Doc. 6, at 8). Combs has attached to his Complaint an "Inmate Request Form" that the Social Service division of HCJC received on April 19, 2012, soon after his incarceration. (Doc. 6-1, at 1). In the "Emergency" section, Combs wrote that "I am going through a very painful illness, that is well documented in my medical files at University and Good Sam Hospitals." (Id.) Combs alleges that he was on two blood pressure medications and one stomach medication prior to his incarceration, and that he was not receiving these medications in HCJC. (Id. at 3).

---

[2]In *Monell*, the Supreme Court held that a municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. 436 U.S. at 691.

7

The Court concludes that based on these allegations, Combs has satisfied the objective component required for a deliberate indifference claim. However, as to the subjective component, the Court concludes that Combs has not adequately alleged that Defendants acted with deliberate indifference to his serious medical needs.

As to NaphCare, Combs has failed to identify an individual NaphCare employee involved in the deprivation of his medical needs.[3] The Court notes that Combs claims that a nurse practitioner named Beth "was the only one seeing inmates, and one is not enough to provide anything close to adequate medical treatment." (Doc. 6, at 8). However, even assuming arguendo that "Beth" is a NaphCare employee, Combs has not identified a policy or custom of NaphCare which amounted to deliberate indifference to Comb's medical condition. Therefore, NaphCare's Motion to Dismiss Combs' Eighth Amendment claim is GRANTED.

As to Oberlander, Combs claims that he was "denied emergency medical treatment by Deputy Oberlander's control of the ability to contact the medical department." (Doc. 6, at 7). However, Combs does not allege facts which would show that Oberlander possessed a "sufficiently culpable state of mind." *Blackmore*, 390 F.3d at 895. That is, Combs has not alleged that Oberlander was "aware of facts from which

---

[3]In one of his Notices, Combs alleges that on October 2, 2012, the following occurred:

> I was call [*sic*] from my cell in above location to the sallyport area. When I arrived over by O pod, I was met by Nurse Marge of Naphcare. She had a stack of papers in one hand and a pink inmate grievance from held high in her right hand, She asked me, "what is this?" I answered, "What does it say? She said, "I don't know," but went on to say I had put in 7 sick call slips in 30 days, and was seen last on the 11th."

(Id.) These allegations do not show that "Nurse Marge" was deliberately indifferent to his serious medical needs. Instead, Combs explains the incident as follows: "As it seem [*sic*] Nurse Marge was attempting to have some type of a verbal debate or argument over a simple request. I decided to end the conversation, which I did." (Id.)

the inference could be drawn that a risk of serious harm exists, and he must draw the inference." *Blackmore*, 390 F.3d at 896 (quoting *Farmer*, 511 U.S. at 837). Combs has not alleged that any of his medical conditions required treatment on an emergency basis. Instead, Combs has requested that this Court order "the Sheriff Simon Leis to transport him to University Hospital, for a physical examination and treatment, from the clinic at Hoxworth, second floor, and orthopedic clinic, Main Hospital Building, for shots to both knees." (Doc. 11, at 7-8). The Sixth Circuit has explained that "[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860, n.5 (6th Cir. 1976). Because Combs has not adequately plead the subjective component of a deliberate indifference claim, Oberlander's Motion to Dismiss Combs' Eighth Amendment claim is GRANTED.

Finally, to the extent that Combs objects to the Magistrate Judge's recommendation that his claim under the Eighth Amendment based on his cell assignment be dismissed, those objections are OVERRULED. In his Objections and Notices, Combs merely re-alleges that he has "been placed with a number of mentally-ill inmates, as well, with inmates, unable, due to physical injury or condition, to accept the responsibilities of cleaning and [*illegible*] in the cell/rooms." (Doc. 19, at 2). Combs has not added any allegation that any staff members were aware that his cellmates posed a threat to his safety, yet failed to take reasonable actions to prevent injury. Combs himself explains that one inmate had a condition "that is not clear, if in fact, it is safe to be housed in close quarters with." (Id.) In addition, Combs explains that he was

9

physically attacked by one of the inmates in his cell, but he "did not report said attack, since this inmate was removed to a metal [*sic*] facility that same day." (Id., at 3). Therefore, the Court adopts the Magistrate Judge's recommendation that Combs' claim under the Eighth Amendment based on his cell assignment be dismissed.

### 5. First Amendment

For a prisoner to state a First Amendment retaliation claim under 42 U.S.C. § 1983 there must be allegations that: "(1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two-that is, the adverse action was motivated at least in part by the plaintiff's protected conduct." *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). The filing of a prison grievance satisfies the first prong of a First Amendment retaliation claim. *Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001).

In his Complaint, Combs alleged that the "medical department" ordered his cell transfer as a result of his filing grievances. (Doc. 6-1, at 20). However, in his Objections to the R&R, Combs clarifies that he "has been ordered to move five (5) times since being transferred to this unit at 11:30 pm, at the order of Corrections, not the Naphcare Medical Department." (Doc. 11, at 2). Combs also states in one of his Notices filed after the entry of the R&R that he was placed in the medical unit "by orders of the Sheriff's Department." (Doc. 19, at 2). Based on these allegations, the Court finds that Combs has not stated a claim for retaliation under the First Amendment against NaphCare. Accordingly, NaphCare's Motion to Dismiss Combs' First Amendment claim is GRANTED.

The First Amendment retaliation claim which remains is against Oberlander. However, Oberlander's Motion to Dismiss does not address this claim.

## IV. CONCLUSION

Based on the foregoing, it is hereby **ORDERED** that:

1. The Magistrate Judge's Order and Report and Recommendation ("R&R") is **ADOPTED**;

    a. Defendant Hamilton County Sheriff shall be dismissed as a party from this action;

2. Defendant NaphCare Medical Department's Motion to Dismiss (Doc. 17) is **GRANTED**;

    a. Defendant NaphCare Medical Department shall be dismissed as a party from this action;

3. Defendant Deputy Sheriff Oberlander's Motions to Dismiss (Doc. 23) is **GRANTED;**

    a. Plaintiff Harold Combs' Eighth Amendment claim against Deputy Sheriff Oberlander is dismissed;

4. Plaintiff Harold Combs' Motion Appoint Counsel, Motion for Default Judgment against Defendant NaphCare (Doc. 32) is **DENIED** to the extent that it seeks default judgment against NaphCare but remains pending to the extent that it seeks appointment of counsel; and

5. Motion for Status Pending Motion for Default (Doc. 36) is **GRANTED** to the extent that this Order and Opinion rules upon the Motion.

    **IT IS SO ORDERED.**

>  */s/ Michael R. Barrett*
>  JUDGE MICHAEL R. BARRETT