UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

HAROLD COMBS,
    Plaintiff,

    vs.

SHERIFF, HAMILTON COUNTY, et al.,
    Defendants.

Case No. 1:12-cv-347
Barrett, J.
Litkovitz, M.J.

**REPORT AND
RECOMMENDATION**

Plaintiff filed this civil rights action pro se under 42 U.S.C. § 1983 alleging violations of his constitutional rights. This matter is before the Court on the motion for judgment on the pleadings filed by defendant Deputy Sheriff Oberlander (Doc. 41), and plaintiff's memorandum in opposition to the motion for judgment on the pleadings. (Doc. 49).

**I. Background**

Plaintiff Harold Combs filed this civil rights action while he was incarcerated at the Hamilton County Justice Center. (Doc. 6). He brought claims for violations of his due process rights, his Eighth Amendment rights, and his First Amendment rights against defendants Sheriff Simon Leis, Deputy Sheriff Oberlander, and Naphcare, a provider of healthcare services to inmates at the Justice Center. On July 25, 2012, upon a *sua sponte* review of the complaint, the undersigned issued a Report and Recommendation finding that plaintiff's due process claims and claims for deliberate indifference to safety under the Eighth Amendment should be dismissed for failure to state a claim upon which relief can be granted, but that plaintiff had alleged sufficient facts to state claims for deliberate indifference to serious medical needs and First Amendment retaliation against defendants Naphcare and Deputy Sheriff Oberlander.

The Report and Recommendation sets forth the factual allegations underlying plaintiff's First Amendment retaliation claim against defendants Naphcare and Deputy Sheriff Oberlander.

(Doc. 7 at 4).  The Report and Recommendation states that according to the allegations of the complaint, plaintiff was retaliated against because he filed grievances and "ask[ed] questions." (*Id.*, citing 6 at 21).  Plaintiff alleges his cell assignment was changed multiple times within a couple of days, requiring plaintiff to move back and forth between the upper and lower tiers despite his medical condition.  (*Id.*, citing Doc. 6 at 5B-5C).  Plaintiff alleges the cell transfers occurred, and he was housed with multiple mentally ill inmates, because he filed grievances against Deputy Sheriff Oberlander and inquired about prison policies and rules.  (*Id.*, citing Doc. 6 at 5D).  Plaintiff indicates that at least one move was ordered by the medical department, and plaintiff was told by the grievance supervisor that he wrote too many grievances and the medical department thought there was nothing wrong with him.  (*Id.*, citing Doc. 6 at 5C-5D).  The Report and Recommendation concluded that liberally construed, these allegations stated a claim for First Amendment retaliation and plaintiff should be allowed to proceed on this claim against both defendant Naphcare and defendant Oberlander.  (*Id.* at 5).

Defendants Naphcare and Oberlander thereafter filed separate motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  (Docs. 17, 23).  On March 1, 2013, the district judge issued an Order adopting the July 25, 2012 Report and Recommendation, dismissing defendant Leis from the lawsuit, and granting defendants Naphcare and Oberlander's motions to dismiss.  (Doc. 37).  The district judge dismissed all claims against these defendants with the exception of the First Amendment retaliation claim against defendant Oberlander, which Oberlander had not addressed in his motion to dismiss.  (*Id.* at 11).  Defendant Oberlander filed the motion for judgment on the pleadings on March 7, 2013, asserting that the complaint fails to state a claim for First Amendment retaliation against him.  (Doc. 41).

## II. Motion for judgment on the pleadings standard

Rule 12(c) provides that "[a]fter the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A district court reviews a Rule 12(c) motion for judgment on the pleadings under the same standard applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6), *EEOC v. J.H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir. 2001), which authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." The standard for reviewing a motion to dismiss under Rule 12(b)(6) is set forth in the Order issued by the district judge in this matter on March 1, 2013. (Doc. 37).

## III. Defendant Oberlander's motion for judgment on the pleadings on the First Amendment retaliation claim under 42 U.S.C. § 1983 should be denied.

The law governing a First Amendment retaliation claim alleged by a prisoner under § 1983 is set forth in the district judge's March 1, 2013 Order:

> [T]here must be allegations that: '(1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two - that is, the adverse action was motivated at least in part by the plaintiff's protected conduct.' *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). The filing of a prison grievance satisfies the first prong of a First Amendment retaliation claim. *Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001).

(Doc. 37 at 10).

The district judge applied the above standard to the allegations plaintiff made in both his complaint and his supplemental filings and determined that plaintiff had not stated a First Amendment retaliation claim against defendant Naphcare. (*Id.* at 10). The district judge found that although plaintiff alleged in his complaint that the "medical department" ordered him to be transferred from his cell because he filed grievances (*Id.*, citing Doc. 6-1 at 20), plaintiff clarified

3

in his objections to the Report and Recommendation that he had been ordered to move more than five times by "Corrections, not the Naphcare Medical Department." (*Id.*, citing Doc. 11 at 2). The district judge further stated that in a supplemental notice plaintiff filed after entry of the Report and Recommendation, plaintiff alleged that he was placed in the medical unit "by orders of the Sheriff's Department." (*Id.*, citing Doc. 19 at 2). The Court therefore dismissed the First Amendment retaliation claim against defendant Naphcare. (*Id.*).

Defendant Oberlander contends that in light of the dismissal of Naphcare from this case, the burden is on plaintiff to allege that Oberlander, the sole remaining defendant, was the party who took the purported adverse action to discourage plaintiff from filing grievances. (Doc. 41 at 3). Defendant Oberlander asserts that plaintiff has not alleged in either the complaint or in his supplemental filings that Oberlander was the party who ordered or implemented any of the cell transfers that occurred while plaintiff was incarcerated at the Justice Center. (*Id.*, citing Doc. 11 at 2, Doc. 19 at 2). Rather, defendant Oberlander asserts that plaintiff alleged in his motion for leave to proceed *in forma pauperis* that it was a supervisor instead of the medical department who instituted one such move, which was made for the purpose of separating plaintiff from defendant Oberlander and preventing Oberlander from committing further illegal acts rather than for any retaliatory purpose. (*Id.* at 3, citing Doc. 3 at 8, 9). Defendant further contends that the Court has already decided that plaintiff is not alleging that Oberlander ordered or carried out any of the cell or unit transfers, but instead plaintiff alleges that the Sheriff's Department ordered the transfers. (*Id.* at 3-4, citing Doc. 37 at 10).

Plaintiff's supplemental filings clarify that "Corrections" and the "Sheriff's Department" ordered the allegedly retaliatory cell transfers and plaintiff's placement in the medical unit. (Doc. 41 at 3, citing Doc. 11 at 2, Doc. 19 at 2; Doc. 37 at 10). Neither plaintiff's complaint nor

4

his supplemental filings allege that defendant Oberlander was personally involved in the decision to transfer plaintiff to various cells or for placing plaintiff in the medical unit or that defendant Oberlander had any authority to make such transfers. "Persons sued in their individual capacities under § 1983 can be held liable based only on their own unconstitutional behavior." *Heyerman v. County of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012) (citing *Murphy v. Grenier*, 406 F. App'x 972, 974 (6th Cir. 2011) ("Personal involvement is necessary to establish section 1983 liability"); *Gibson v. Matthews*, 926 F.2d 532, 535 (6th Cir. 1991) (noting that personal liability "must be based on the actions of that defendant in the situation that the defendant faced, and not based on any problems caused by the errors of others, either defendants or non-defendants"). *See also Crump v. Michigan Dept. of Corrections,* No. 11–CV–12146, 2013 WL 686405, at *3 (E.D. Mich. Jan. 11, 2013). Accordingly, defendant Oberland's motion is well-taken and the complaint should be dismissed for failure to state a claim for First Amendment retaliation against defendant Oberlander.

## IT IS THEREFORE RECOMMENDED THAT:

1. Defendant Oberlander's motion for judgment on the pleadings (Doc. 41) be GRANTED.

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).


Date: 6/28/13

Karen L. Litkovitz
United States Magistrate Judge

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

HAROLD COMBS,                        Case No. 1:12-cv-347
     Plaintiff,                      Barrett, J.
                                                Litkovitz, M.J.

     vs.

SHERIFF, HAMILTON COUNTY, et al.,
     Defendants.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ___

☑ Agent
☐ Addressee

B. Received by ( *Printed Name* )

C. Date of Delivery

D. Is delivery address different from Item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Harold Combs #669-765
Marion Corr. Inst.
PO Box 57
Marion, OH 43302

3. Service Type
☑ Certified Mail   ☐ Express Mail
☐ Registered       ☐ Return Receipt for Merchandise
☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? *(Extra Fee)*   ☐ Yes

2. Article Number
(Transfer from service label)

7002 3150 0000 8389 9739

102595-02-M-1540

Domestic Return Receipt